KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

MAX L. TRIBBLE (*Admitted Pro Hac Vice*)
mtribble@susmangodfrey.com
Ryan Caughey (*Admitted Pro Hac Vice*)
rcaughey@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666

Attorneys for Defendants
Worlds, Inc. and Worlds Online, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., | Case No.:  CV 13-07380 CBM (PLAx) |
| Plaintiff, | **WORLDS, INC. AND WORLDS ONLINE, INC.'S ANSWER AND COUNTERCLAIMS TO ACTIVISION PUBLISHING, INC.'S COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| WORLDS INC. and WORLDS ONLINE INC. | |
| Defendants. | |
| | JURY TRIAL DEMANDED |

Defendants Worlds, Inc. and Worlds Online, Inc. (collectively, "Worlds"), for their Answer to the allegations in the Complaint of Activision Publishing, Inc. ("Activision"), respond as follows:

Each paragraph herein responds to the corresponding numbered paragraphs in the Complaint.

1.     Worlds admit that the Complaint purports to state claims arising under the patent laws of the United States, Title 35 of the U.S. Code.

2.     Worlds lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2, and therefore denies the same.

3.     Worlds admits the facts stated in Paragraph 3.

4.     Worlds admits the facts stated in Paragraph 4.

5.     Worlds admits that it has distributed and continues to distribute Worlds Player in the Central District of California and elsewhere in the United States.   Except as expressly admitted, Worlds otherwise denies each and every allegation in Paragraph 5.

**JURISDICTION AND VENUE**

6.     Worlds admits that this Court has Subject Matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.     Worlds admits that the Court has personal jurisdiction over Worlds in this case.   Except as expressly admitted, Worlds otherwise denies each and every allegation in Paragraph 7.

8.     Worlds admits that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).   However, Worlds denies that it has committed any acts of infringement and denies that there is any basis for Activision's Complaint.   Except as expressly admitted, Worlds denies each and every allegation in Paragraph 8.

## ACTIVISION'S FIRST CLAIM FOR RELIEF

9.      Worlds lacks knowledge sufficient to confirm or deny the allegations of Paragraph 9, and therefore denies the same.

10.     Worlds denies the allegations in Paragraph 10.

11.     Worlds denies the allegations in Paragraph 11.

12.     Worlds denies the allegations in Paragraph 12.

13.     Worlds denies the allegations in Paragraph 13.

14.     Worlds denies the allegations in Paragraph 14.

## ACTIVISION'S SECOND CLAIM FOR RELIEF

15.     Worlds lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15, and therefore denies the same.

16.     Worlds denies the allegations in Paragraph 16.

17.     Worlds denies the allegations in Paragraph 17.

18.     Worlds denies the allegations in Paragraph 18.

19.     Worlds denies the allegations in Paragraph 19.

20.     Worlds denies the allegations in Paragraph 20.

## PRAYER FOR RELIEF

These paragraphs set forth statements of relief requested by Activision to which no response is required.  Worlds denies that Activision is entitled to any relief and specifically denies all the allegations and prayers for relief contained in paragraphs A–H of Activision's Prayer for Relief.

## DEFENSES

Worlds asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

1.      Activision's Complaint fails to state a claim upon which relief can be granted.  Worlds has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Activision.

**SECOND AFFIRMATIVE DEFENSE**

2.      Worlds does not infringe any valid and enforceable claim or claims of U.S. Patent Nos. 6,014,145 (the '145 Patent) or U.S. Patent No. 5,883,628 (the '628 Patent) in any manner under 35 U.S.C. § 271(a), (b), (c), and/or (f), willfully or otherwise.

**THIRD AFFIRMATIVE DEFENSE**

3.      The claims of the '145 and '628 Patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to one or more of the following: 35 U.S.C. §§ 101, 102, 103, 111, 112, and/or 132.

**FOURTH AFFIRMATIVE DEFENSE**

4.      The claims of the '145 and '628 Patents are unenforceable as asserted, in whole or in part, by waiver (express or implied), laches, and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

5.      The claims of the '145 and '628 Patents are unenforceable as asserted, in whole or in part, by the doctrine of equitable estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Activision's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      Activision is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Activision's claims are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Activision is not entitled to a double recovery.

**NINTH AFFIRMATIVE DEFENSE**

9.      Activision's claims for patent infringement are precluded in whole or in part (1) to the extent that any allegedly infringing products or components thereof were distributed by Worlds pursuant to an express or implied license to the '145 and '628 Patents; and/or (2) under the doctrine of patent exhaustion.

**TENTH AFFIRMATIVE DEFENSE**

10.      Damages recoverable for infringement of one or more of the claims of the '145 and '628 Patents are barred in whole or in part pursuant to 35 U.S.C. § 252.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      Activision cannot satisfy the requirements applicable to its requests for injunctive relief and has an adequate remedy at law.

**TWELFTH AFFIRMATIVE DEFENSE**

12.      The claims of the '145 and '628 Patents are unenforceable due to unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Activision's claims for relief and each and every one of its allegations fail to state a claim upon which relief can be granted.

## RESERVATION OF ALL AFFIRMATIVE DEFENSES

14.     Worlds reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law in equity, that may now exist or in the future may be available based on discovery and further investigation in this case.

## COUNTERCLAIMS

As its Counterclaims and in accordance with the Federal Rules of Civil Procedure, Worlds alleges:

1.     Counterclaimants Worlds, Inc. and Worlds Online, Inc. (collectively, "Worlds") are Delaware corporations with their principle place of business at 11 Royal Road, Brookline, Massachusetts 02445.

2.     On information and belief, counterclaim defendant Activision Publishing, Inc. ("Activision") is a Delaware corporation with its principal place of business at 3100 Ocean Park Blvd., Santa Monica, California 90405.

3.     These Counterclaims arise under the Patent Laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under 35 U.S.C. §§ 100, *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367(a), 2201, and 2202. This is an action for a declaratory judgment of invalidity and noninfringement of the '145 and '628 Patents.

4.     Venue is proper in this judicial District under 28 U.S.C. §§ 1391 and 1400, and is also based on counterclaim-defendant Activision having brought an action against Worlds in this District.

**BACKGROUND**

5.     Upon information and belief, Activision filed this lawsuit to retaliate against Worlds.  Worlds believes that Activision filed this suit not because Worlds has infringed the '145 and '628 Patents (Worlds has not), or because Activision has been injured in any way (Activision has suffered no injury, even in theory).  Rather, Worlds believes that Activision brought this suit to interfere with Worlds' ability to pursue its ongoing patent infringement suit against Activision in the District of Massachusetts.

6.     Worlds was first incorporated in 1994.  Worlds' goal was to develop three-dimensional virtual-world platforms where users could interact.

7.     In 1995, four Worlds employees — Stephen Adler, S. Mitra Ardon, Judith Challinger, and David Leahy (the "named inventors") — discovered several novel inventions that solved crucial problems in the area of software development. They arrived at these solutions while developing Worlds' groundbreaking software platforms, which enabled remote users to interact in graphically rich, three-dimensional virtual environments.

8.     In April 1995, Worlds debuted its first virtual-world platform, *Worlds Chat*, which allowed remote users, using internet connections, to interact and chat in a three-dimensional virtual space.  The accused product in this lawsuit, *Worlds Player*, is the current iteration of the original April 1995 version of *Worlds Chat*.

9.     In June 1995, Worlds debuted its second virtual-world platform, *AlphaWorld*, which likewise allowed remote users, using internet connections, to interact and chat in a three-dimensional virtual space.

10.     On November 13, 1995, Worlds filed U.S. Provisional Patent Application No. 08/556,314 (later renumbered 60/020,296), which codified the inventions embodied in *Worlds Chat* and *AlphaWorld*.

11.     Worlds' 1995 provisional patent application matured into Worlds' first patent, U.S. Patent No. 6,219,045 (the "'045 Patent"), which issued on April 17,

2001.  Worlds has since been issued several continuation patents based on the '045 Patent.

12.   Worlds' patents reflect the innovations embodied in Worlds' virtual-world platforms.  As a general matter, the claims of Worlds' patents describe a system and method for implementing a highly scalable, client-server architecture that facilitates the efficient interaction of users in a three-dimensional, graphically rich, multi-user, interactive virtual environment.

13.   In 1995–1997, Worlds worked with IBM to develop a customized virtual world and other innovations.

14.   On July 3, 1997 — more than one-and-a-half years after Worlds' filed its provisional patent application, and more than two years after Worlds debuted *Worlds Chat* and *AlphaWorld* — IBM filed the patent application that matured into the '628 Patent asserted in this lawsuit.

15.   Four days later, on July 7, 1997 IBM filed the patent application that matured into the '145 Patent asserted in this lawsuit.

16.   Thus, Worlds' own products (*Worlds Chat* and *Worlds Player*), and Worlds' own patent applications, are prior art to the asserted patents in this lawsuit.

17.   On March 30, 2012, Worlds, Inc. sued Activision Blizzard, Inc., Blizzard Entertainment, Inc., and Activision Publishing, Inc. in the District of Massachusetts for patent infringement under Title 35 of the United States Code. *See Worlds, Inc. v. Activision Publishing, Inc. et al*, 1:12-cv-10576 (D. Mass.). Worlds' lawsuit against Activision is ongoing.

18.   Upon information and belief, on approximately February 3, 2013 — nearly one year *after* Worlds sued Activision in the District of Massachusetts — Activision purchased the '145 and '628 Patents from IBM.  Upon information and belief, Activision played no part, directly or indirectly, in inventing the purported inventions claimed in the '145 and '628 Patents.

19.    On July 16, 2013, not long after purchasing the '145 and '628 Patents, Activision asserted those patents in litigation against a company (Novalogic, Inc.) that had sued Activision in a patent infringement lawsuit.  *See, e.g.*, *Activision Publishing, Inc. v. Novalogic, Inc.*, 2:13-cv-05091 (C.D. Cal.).  On August 2, 2013, Activision voluntarily dismissed its lawsuit against Novalogic.

20.    On October 4, 2013, Activision filed the above-captioned lawsuit against Worlds, Inc. and Worlds Online, Inc.

## DECLARATION OF NONINFRINGEMENT

21.    Worlds incorporates herein, by reference, the allegations of paragraphs 1–20 of the Counterclaims inclusive, as if fully set forth herein.

22.    By filing this action, Activision has created an actual controversy between the parties as to whether Worlds' products or methods infringe any claims of the '145 and '628 Patents, which allegations Worlds denies.   Absent a declaration of noninfringement, Activision will continue to wrongfully assert the '145 and '628 Patents against Worlds, and thereby cause Worlds irreparable injury and damage.

23.    Worlds has not infringed or induced the infringement of any valid and enforceable claim of the '145 and '628 Patents in any manner, willfully or otherwise, directly, indirectly, literally, or under the doctrine of equivalents, through its manufacture, use, sale, offer for sale, or importation of the accused products and/or methods.

24.    Worlds is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the accused products and/or methods does not infringe any valid claim of the '145 and '628 Patents, either literally or under the doctrine of equivalents.

25.    This is an exceptional case entitling Worlds to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

8

## DECLARATION OF PATENT INVALIDITY

26.   Worlds incorporates herein, by reference, the allegations of paragraphs 1–25 of the Counterclaims inclusive, as if fully set forth herein.

27.   By filing this action, Activision has created an actual controversy between the parties as to whether any of the claims of the '145 and '628 Patents are valid.   Absent a declaration of invalidity, Activision will continue to wrongfully assert the '145 and '628 Patents against Worlds, and thereby cause Worlds irreparable injury and damage.

28.   Each and every claim of the '145 and '628 Patents is invalid for failing to satisfy the requirements of 35 U.S.C. §§ 100 *et seq.*, including, but not limited to one or more of the following: 35 U.S.C. §§ 101, 102, 103, 111, 112, and 132.

29.   Worlds is entitled to declaratory judgment that the '145 and '628 Patents are invalid.

30.   This is an exceptional case entitling Worlds to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, on Activision's Complaint and on Worlds' Counterclaims, Worlds respectfully requests a judgment of the Court against Activision as follows:

(a)   A declaration that Worlds' products do not infringe the '145 and '628 Patents;

(b)   A declaration that the '145 and '628 Patents are invalid;

(c)   A declaration that this is an exceptional case under 35 U.S.C. § 285

(d)   An award of attorneys' fees and costs; and

(e)   Such other and further relief as the Court may deem just and proper.

///

///

///

Dated: November 27, 2013

                              KALPANA SRINIVASAN
                              MAX L. TRIBBLE
                              RYAN V. CAUGHEY
                              SUSMAN GODFREY L.L.P.


                          By: */s/ Kalpana Srinivasan*
                                 Kalpana Srinivasan
                          Attorneys for Defendants
                          Worlds, Inc. and Worlds Online, Inc.