KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

MAX L. TRIBBLE (*Admitted Pro Hac Vice*)
mtribble@susmangodfrey.com
Ryan Caughey (*Admitted Pro Hac Vice*)
rcaughey@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666

Attorneys for Defendants
Worlds, Inc. and Worlds Online, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., <br> Plaintiff, <br> v. <br> WORLDS INC. and WORLDS ONLINE INC. <br> Defendants. | Case No.:  CV 13-07380 CBM (PLAx) <br><br> **WORLDS, INC. AND WORLDS ONLINE, INC.'S COUNTERCLAIMS TO ACTIVISION PUBLISHING, INC.'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> JURY TRIAL DEMANDED |
| WORLDS INC. and WORLDS ONLINE INC. <br> Counterclaimants, <br> v. <br> ACTIVISION PUBLISHING, INC., <br> Counter Defendants. | |

Defendants Worlds, Inc. and Worlds Online, Inc. (collectively, "Worlds"), allege the following Counterclaims in response to the allegations in the Complaint of Activision Publishing, Inc. ("Activision"), as follows:

## COUNTERCLAIMS

As its Counterclaims and in accordance with the Federal Rules of Civil Procedure, Worlds alleges:

1. Counterclaimants Worlds, Inc. and Worlds Online, Inc. (collectively, "Worlds") are Delaware corporations with their principle place of business at 11 Royal Road, Brookline, Massachusetts 02445.

2. On information and belief, counterclaim defendant Activision Publishing, Inc. ("Activision") is a Delaware corporation with its principal place of business at 3100 Ocean Park Blvd., Santa Monica, California 90405.

3. These Counterclaims arise under the Patent Laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under 35 U.S.C. §§ 100, *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367(a), 2201, and 2202. This is an action for a declaratory judgment of invalidity and noninfringement of the '145 and '628 Patents.

4. Venue is proper in this judicial District under 28 U.S.C. §§ 1391 and 1400, and is also based on counterclaim-defendant Activision having brought an action against Worlds in this District.

## BACKGROUND

5. Upon information and belief, Activision filed this lawsuit to retaliate against Worlds. Worlds believes that Activision filed this suit not because Worlds has infringed the '145 and '628 Patents (Worlds has not), or because Activision has been injured in any way (Activision has suffered no injury, even in theory). Rather, Worlds believes that Activision brought this suit to interfere with Worlds' ability to

pursue its ongoing patent infringement suit against Activision in the District of Massachusetts.

6. Worlds was first incorporated in 1994. Worlds' goal was to develop three-dimensional virtual-world platforms where users could interact.

7. In 1995, four Worlds employees — Stephen Adler, S. Mitra Ardon, Judith Challinger, and David Leahy (the "named inventors") — discovered several novel inventions that solved crucial problems in the area of software development. They arrived at these solutions while developing Worlds' groundbreaking software platforms, which enabled remote users to interact in graphically rich, three-dimensional virtual environments.

8. In April 1995, Worlds debuted its first virtual-world platform, *Worlds Chat*, which allowed remote users, using internet connections, to interact and chat in a three-dimensional virtual space. The accused product in this lawsuit, *Worlds Player*, is the current iteration of the original April 1995 version of *Worlds Chat*.

9. In June 1995, Worlds debuted its second virtual-world platform, *AlphaWorld*, which likewise allowed remote users, using internet connections, to interact and chat in a three-dimensional virtual space.

10. On November 13, 1995, Worlds filed U.S. Provisional Patent Application No. 08/556,314 (later renumbered 60/020,296), which codified the inventions embodied in *Worlds Chat* and *AlphaWorld*.

11. Worlds' 1995 provisional patent application matured into Worlds' first patent, U.S. Patent No. 6,219,045 (the "'045 Patent"), which issued on April 17, 2001. Worlds has since been issued several continuation patents based on the '045 Patent.

12. Worlds' patents reflect the innovations embodied in Worlds' virtual-world platforms. As a general matter, the claims of Worlds' patents describe a system and method for implementing a highly scalable, client-server architecture

1  that facilitates the efficient interaction of users in a three-dimensional, graphically
2  rich, multi-user, interactive virtual environment.

3       13.    In 1995–1997, Worlds worked with IBM to develop a customized
4  virtual world and other innovations.

5       14.    On July 3, 1997 — more than one-and-a-half years after Worlds' filed
6  its provisional patent application, and more than two years after Worlds debuted
7  *Worlds Chat* and *AlphaWorld* — IBM filed the patent application that matured into
8  the '628 Patent asserted in this lawsuit.

9       15.    Four days later, on July 7, 1997 IBM filed the patent application that
10 matured into the '145 Patent asserted in this lawsuit.

11      16.    Thus, Worlds' own products (*Worlds Chat* and *Worlds Player*), and
12 Worlds' own patent applications, are prior art to the asserted patents in this lawsuit.

13      17.    On March 30, 2012, Worlds, Inc. sued Activision Blizzard, Inc.,
14 Blizzard Entertainment, Inc., and Activision Publishing, Inc. in the District of
15 Massachusetts for patent infringement under Title 35 of the United States Code.
16 *See Worlds, Inc. v. Activision Publishing, Inc. et al*, 1:12-cv-10576 (D. Mass.).
17 Worlds' lawsuit against Activision is ongoing.

18      18.    Upon information and belief, on approximately February 3, 2013 —
19 nearly one year *after* Worlds sued Activision in the District of Massachusetts —
20 Activision purchased the '145 and '628 Patents from IBM.  Upon information and
21 belief, Activision played no part, directly or indirectly, in inventing the purported
22 inventions claimed in the '145 and '628 Patents.

23      19.    On July 16, 2013, not long after purchasing the '145 and '628 Patents,
24 Activision asserted those patents in litigation against a company (Novalogic, Inc.)
25 that had sued Activision in a patent infringement lawsuit.  *See, e.g.*, *Activision
26 Publishing, Inc. v. Novalogic, Inc.*, 2:13-cv-05091 (C.D. Cal.).  On August 2, 2013,
27 Activision voluntarily dismissed its lawsuit against Novalogic.

28

20. On October 4, 2013, Activision filed the above-captioned lawsuit against Worlds, Inc. and Worlds Online, Inc.

## DECLARATION OF NONINFRINGEMENT

21. Worlds incorporates herein, by reference, the allegations of paragraphs 1–20 of the Counterclaims inclusive, as if fully set forth herein.

22. By filing this action, Activision has created an actual controversy between the parties as to whether Worlds' products or methods infringe any claims of the '145 and '628 Patents, which allegations Worlds denies. Absent a declaration of noninfringement, Activision will continue to wrongfully assert the '145 and '628 Patents against Worlds, and thereby cause Worlds irreparable injury and damage.

23. Worlds has not infringed or induced the infringement of any valid and enforceable claim of the '145 and '628 Patents in any manner, willfully or otherwise, directly, indirectly, literally, or under the doctrine of equivalents, through its manufacture, use, sale, offer for sale, or importation of the accused products and/or methods.

24. Worlds is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the accused products and/or methods does not infringe any valid claim of the '145 and '628 Patents, either literally or under the doctrine of equivalents.

25. This is an exceptional case entitling Worlds to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DECLARATION OF PATENT INVALIDITY

26. Worlds incorporates herein, by reference, the allegations of paragraphs 1–25 of the Counterclaims inclusive, as if fully set forth herein.

27. By filing this action, Activision has created an actual controversy between the parties as to whether any of the claims of the '145 and '628 Patents are valid. Absent a declaration of invalidity, Activision will continue to wrongfully

assert the '145 and '628 Patents against Worlds, and thereby cause Worlds irreparable injury and damage.

28. Each and every claim of the '145 and '628 Patents is invalid for failing to satisfy the requirements of 35 U.S.C. §§ 100 *et seq.*, including, but not limited to one or more of the following: 35 U.S.C. §§ 101, 102, 103, 111, 112, and 132.

29. Worlds is entitled to declaratory judgment that the '145 and '628 Patents are invalid.

30. This is an exceptional case entitling Worlds to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Counterclaimants hereby demands a trial by jury

## PRAYER FOR RELIEF

WHEREFORE, on Activision's Complaint and on Worlds' Counterclaims, Worlds respectfully requests a judgment of the Court against Activision as follows:

(a) A declaration that Worlds' products do not infringe the '145 and '628 Patents;

(b) A declaration that the '145 and '628 Patents are invalid;

(c) A declaration that this is an exceptional case under 35 U.S.C. § 285

(d) An award of attorneys' fees and costs; and

(e) Such other and further relief as the Court may deem just and proper.

Dated: December 6, 2013

                KALPANA SRINIVASAN
                MAX L. TRIBBLE
                RYAN V. CAUGHEY
                SUSMAN GODFREY L.L.P.

                By: */s/ Kalpana Srinivasan*
                     Kalpana Srinivasan
                Attorneys for Defendants
                Worlds, Inc. and Worlds Online, Inc.