1  KALPANA SRINIVASAN (237460)
   ksrinivasan@susmangodfrey.com
2  SUSMAN GODFREY L.L.P.
   1901 Avenue of the Stars, Suite 950
3  Los Angeles, California  90067-6029
   Telephone:  (310) 789-3100
4  Facsimile:  (310) 789-3150

5  MAX L. TRIBBLE (*Admitted Pro Hac Vice*)
   mtribble@susmangodfrey.com
6  Ryan Caughey (*Admitted Pro Hac Vice*)
   rcaughey@susmangodfrey.com
7  SUSMAN GODFREY L.L.P.
   1000 Louisiana Street, Suite 5100
8  Houston, Texas 77002
   Telephone: (713) 651-9366
9  Facsimile:  (713) 654-6666

10 Attorneys for Defendants
   Worlds, Inc. and Worlds Online, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., <br><br> Plaintiff, <br><br> v. <br><br> WORLDS INC. and WORLDS ONLINE INC. <br><br> Defendants. | Case No.:  CV 13-07380 CBM (PLAx) <br><br> **WORLDS, INC. AND WORLDS ONLINE, INC.'S FIRST AMENDED ANSWER TO ACTIVISION PUBLISHING, INC.'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> JURY TRIAL DEMANDED |

Defendants Worlds, Inc. and Worlds Online, Inc. (collectively, "Worlds"), for their First Amended Answer to the allegations in the Complaint of Activision Publishing, Inc. ("Activision"), respond as follows:

Each paragraph herein responds to the corresponding numbered paragraphs in the Complaint.

1. Worlds admit that the Complaint purports to state claims arising under the patent laws of the United States, Title 35 of the U.S. Code.

2. Worlds lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2, and therefore denies the same.

3. Worlds admits the facts stated in Paragraph 3.

4. Worlds admits the facts stated in Paragraph 4.

5. Worlds admits that it has distributed and continues to distribute Worlds Player in the Central District of California and elsewhere in the United States. Except as expressly admitted, Worlds otherwise denies each and every allegation in Paragraph 5.

## JURISDICTION AND VENUE

6. Worlds admits that this Court has Subject Matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Worlds admits that the Court has personal jurisdiction over Worlds in this case. Except as expressly admitted, Worlds otherwise denies each and every allegation in Paragraph 7.

8. Worlds admits that venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). However, Worlds denies that it has committed any acts of infringement and denies that there is any basis for Activision's Complaint. Except as expressly admitted, Worlds denies each and every allegation in Paragraph 8.

## ACTIVISION'S FIRST CLAIM FOR RELIEF

9. Worlds lacks knowledge sufficient to confirm or deny the allegations of Paragraph 9, and therefore denies the same.

10. Worlds denies the allegations in Paragraph 10.

11. Worlds denies the allegations in Paragraph 11.

12. Worlds denies the allegations in Paragraph 12.

13. Worlds denies the allegations in Paragraph 13.

14. Worlds denies the allegations in Paragraph 14.

## ACTIVISION'S SECOND CLAIM FOR RELIEF

15. Worlds lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15, and therefore denies the same.

16. Worlds denies the allegations in Paragraph 16.

17. Worlds denies the allegations in Paragraph 17.

18. Worlds denies the allegations in Paragraph 18.

19. Worlds denies the allegations in Paragraph 19.

20. Worlds denies the allegations in Paragraph 20.

## PRAYER FOR RELIEF

These paragraphs set forth statements of relief requested by Activision to which no response is required. Worlds denies that Activision is entitled to any relief and specifically denies all the allegations and prayers for relief contained in paragraphs A–H of Activision's Prayer for Relief.

## DEFENSES

Defendants have not specified which claims of U.S. Patent Nos. 6,014,145 (the '145 Patent) or U.S. Patent No. 5,883,628 (the '628 Patent) they are asserting, nor which version(s) of Worlds Chat they are accusing. In fact, Defendants have

provided essentially no factual allegations whatsoever regarding their patent infringement claims. Thus, Worlds has limited information on which to base its affirmative defenses and counterclaims. Further, Worlds' factual investigation is ongoing, and discovery has not yet commenced. In that context, Worlds asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1. Worlds does not infringe any valid and enforceable claim or claims of the '145 and '628 Patents in any manner under 35 U.S.C. § 271(a), (b), (c), and/or (f), willfully or otherwise.

## SECOND AFFIRMATIVE DEFENSE

2. The claims of the '145 and '628 Patents are invalid for failure to satisfy the "conditions for patentability" of 35 U.S.C. § 100, *et seq.*, at least because the subject matter of the patents is not patentable under 35 U.S.C. § 101; the subject matter of the patents is taught by, suggested by, and/or, obvious in light of the prior art, and in light of prior disclosures, sale, offer for sale, or marketing of the patented subject matter, under 35 U.S.C. §§ 102, 103; and/or because the subject matter of the patents is unsupported by the written description of the patented invention, and no claim of the patents-in-suit can be validly construed to cover any Worlds product, under 35 U.S.C. § 112.

## THIRD AFFIRMATIVE DEFENSE

3. In this lawsuit, Activision is asserting patents that were applied for in 1997 and issued in 2000. Activision is accusing a product (without naming which version(s) of the product are being accused) that has been marketed publicly (and with significant publicity) since 1995. The original patentee was IBM, which had a technology partnership with Worlds in the mid-1990s and was aware of Worlds'

software platforms. During this partnership, IBM may have made representations that explicitly or implicitly evidenced an intention to waive its patent rights as to Worlds, or misled Worlds into believing that IBM did not intend to enforce its patent rights against Worlds. Worlds has been harmed by the unreasonable delay in asserting the patents-in-suit, given Worlds' extensive efforts, over nearly two decades, to market and sell several versions of Worlds Chat on a nationwide basis and cultivate its user base. Worlds had no notice during any of that lengthy period of delay that IBM or a subsequent patent-holder would or could accuse Worlds Chat under the asserted patents. Worlds also has spent significant time and resources continuing to develop, refine, and improve Worlds Chat, and Worlds' ability to defend against this lawsuit has been harmed by the lengthy delay in asserting the patents-in-suit. This undue delay and prejudice subjects Activision to the defenses of laches, waiver (express or implied), and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

4. Activision's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.

**FIFTH AFFIRMATIVE DEFENSE**

5. Activision's claims for patent infringement are precluded in whole or in part to the extent that any allegedly infringing products or components thereof were distributed by Worlds pursuant to an express or implied license to the '145 and '628 Patents. Among other reasons, this defense may be applicable because Worlds and IBM, the original patentee, entered into a partnership in the mid-1990s that covered virtual worlds technology. Around the time of the partnership, Worlds had applied for its initial virtual worlds patent, and during the course of that partnership Worlds Chat may have been authorized for sale by IBM under the

asserted patents, and IBM may have consented to Worlds' use of the asserted patents.

### SIXTH AFFIRMATIVE DEFENSE

6. Activision cannot satisfy the requirements applicable to its requests for injunctive relief and has an adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE

7. The claims of the '145 and '628 Patents are unenforceable due to unclean hands. Among other reasons, Activision has unclean hands and is not entitled to relief in this action to the extent that Activision acquired and is asserting the '145 and '628 Patents not because Worlds or any other defendant infringed valid claims of those Patents, but for the purpose of intimidating and harassing entities that have sued Activision for patent infringement.

### PRAYER FOR RELIEF

WHEREFORE, on Activision's Complaint, Worlds respectfully requests a judgment of the Court against Activision as follows:

(a) A declaration that Worlds' products do not infringe the '145 and '628 Patents;

(b) A declaration that the '145 and '628 Patents are invalid;

(c) A declaration that this is an exceptional case under 35 U.S.C. § 285

(d) An award of attorneys' fees and costs; and

(e) Such other and further relief as the Court may deem just and proper.

///

///

///

5

Dated: January 6, 2013

                                                KALPANA SRINIVASAN
                                                MAX L. TRIBBLE
                                                RYAN V. CAUGHEY
                                                SUSMAN GODFREY L.L.P.

                                            By: */s/ Kalpana Srinivasan*
                                                  Kalpana Srinivasan
                                            Attorneys for Defendants
                                            Worlds, Inc. and Worlds Online, Inc.