1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.,<br><br>                    Plaintiff,<br><br>          v.<br>WORLDS INC. and WORLDS ONLINE INC.,<br><br>                    Defendants. | Case No.  CV-13-7380 CBM(PLax)<br><br>RULE 26(f) REPORT<br><br>Judge: Hon. Consuelo B. Marshall<br><br>Complaint Filed:  October 4, 2013 |

Plaintiff Activision Publishing, Inc. ("Plaintiff" or "Activision") and Defendants Worlds, Inc. and Worlds Online, Inc. (collectively "Defendants" or "Worlds") hereby provide this Rule 26(f) Report pursuant to Federal Rule of Civil Procedure 26 and Local Civil Rule 26.  Counsel for Plaintiff and Defendants conducted the Rule 26(f) discussion on January 20, 2014.

## I.   MATTERS TO BE ADDRESSED PURSUANT TO THE COURT'S DECEMBER 19, 2013 IN-CHAMBERS ORDER SETTING SCHEDULING CONFERENCE

### A.   Brief description of the nature of the case

In this action, Activision asserts that Worlds infringes U.S. Patent No. 6,014,145 ("the '145 patent"), entitled "Navigation with optimum viewpoints in the three-dimensional workspace interactive displays having three-dimensional objects with collision barriers," and U.S. Patent No. 5,883,628 ("the '628 patent"), entitled "Climability: property for objects in 3-D virtual environments," by, among other things, selling and offering for sale software referred to as "Worlds Player" and other software which may be later identified.  Activision filed its Complaint on October 4, 2013.

Worlds asserts affirmative and other defenses in its Answer to Activision's Complaint.  Worlds asserts that it does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the asserted patents, either literally or under the doctrine of equivalents, willfully or otherwise.  Worlds further asserts that the asserted patents are invalid for failure to comply with the requirements of Title 35, United States Code, including without limitation Sections 101, 102, 103, and/or 112.  Worlds also asserts that Activision is barred from claiming that Worlds infringed the asserted patents by the doctrines of laches, estoppel, and unclean hands.  Worlds also contends that the accused products and World's own patent applications may be prior art to the asserted patents.  Worlds

also contends that Activision recently purchased the asserted patents and filed this lawsuit not to legitimately assert patent infringement, but to retaliate against Worlds for asserting valid patent infringement claims against Activision in the District of Massachusetts. *See Worlds, Inc. v. Activision Publishing, Inc. et al*, 1:12-cv-10576 (D. Mass.).  Worlds also contends that the Complaint fails to state a claim upon which relief can be granted against Worlds.  Worlds further denies that Activision is entitled to any relief.

**B.     Number of depositions to be taken by each side and the date the depositions are set**

The Parties expect to take depositions within the limits set forth under the Federal Rules.  The parties have not yet noticed the depositions of any witnesses and accordingly no deposition dates have been set.  Activision estimates that it may complete its depositions of fact witnesses within six (6) months.  Worlds estimates that it may complete depositions of fact witnesses within approximately (12) months.

**C.     Written discovery sought and date responses to interrogatories, requests for production and requests for admissions are due**

The parties have not yet served any written discovery in this case.  The parties expect to serve interrogatories, requests for production, and requests for admissions within the limits set forth under the Federal Rules of Civil Procedure.  The parties expect to serve their first sets of written discovery soon after the February 11, 2014 initial conference with the Court, with responses due in March 2014.

**D.     The number of experts expected to be called by each side and the expert's area of expertise**

Activision expects to call two experts, one related to technical issues and another related to damages issues.  Worlds also expects to call experts on the issues of non-infringement, invalidity, the gaming industry, and damages.

**E.      Proposed Pretrial Conference date**

Activision proposes a Pretrial Conference date of February 9, 2015.

Worlds does not believe the Court should set a date for the Pretrial Conference at this point.  Worlds proposes that the Court should set all post-discovery cutoff dates after the claim construction hearing.  If the Court prefers to set a Pretrial Hearing date at this point, Worlds proposes a Pretrial Conference date of September 15, 2015.

**F.      Date Demand for Jury Trial was filed**

Activision filed its Demand for Jury Trial on October 4, 2013.  Worlds filed its Demand for Jury Trial on November 27, 2013.

**G.      Prospects of Settlement**

The parties do not believe that settlement is likely at this stage.

**H.      Positions of counsel re: consent to proceed before a Magistrate Judge**

The parties decline to proceed before a Magistrate Judge.

**I.       A list of contemplated motions, including what type of motion, a tentative hearing date and whether discovery must be conducted prior to filing of the motions.**

The parties expect that claim construction and dispositive motions will be filed in this case.  The parties have not agreed on a proposed schedule. The parties' separate proposed dates are listed below:

| *Event* | *Activision's Proposal* | *Worlds' Proposal* |
|---|---|---|
| Exchange Initial Disclosures | February 18, 2014 | |
| Plaintiff's preliminary infringement disclosure[1] | February 18, 2014 | |

---

[1] Activision proposes that the parties' disclosure of infringement and invalidity contentions be made pursuant to the Federal Rules of Civil Procedure.  Worlds proposes that Plaintiff's service of its Preliminary Infringement Disclosure shall be made pursuant to Rules 3-1 and 3-2 of the Local Patent Rules for the U.S. District Court for the Northern District of California.

| Last Day to Amend Pleadings and Join Parties | March 31, 2014 | |
|---|---|---|
| Defendant's preliminary invalidity disclosure[2] | March 18, 2014 | April 18, 2014 |
| Parties to simultaneously exchange a list of claim terms to be construed with proposed constructions | April 7, 2014 | July 24, 2014 |
| Deadline to meet and confer regarding claim construction issues | April 21, 2014 | July 31, 2014 |
| Deadline to file opening claim construction briefs | May 5, 2014 | August 21, 2014 |
| Deadline to file responsive claim construction briefs | May 19, 2014 | September 4, 2014 |
| Deadline to file joint claim construction and prehearing statement that identifies both agreed and disputed terms | May 26, 2014 | September 18, 2014 |
| Amendment and supplementation of preliminary infringement disclosure | Pursuant to Federal Rules | 30 days before claim construction hearing |
| Amendment and supplementation of preliminary invalidity disclosures | Pursuant to Federal Rules | 30 days before claim construction hearing, except that, if Plaintiff amends or supplements its preliminary infringement disclosure, Defendants may likewise amend or supplement their disclosures within 30 days of service of the amended or |

---

[2] Activision proposes that the parties' disclosure of infringement and invalidity contentions be made pursuant to the Federal Rules of Civil Procedure.  Worlds proposes that Defendant's service of its Preliminary Invalidity Disclosure shall be made pursuant to Rules 3-3 and 3-4 of the Local Patent Rules for the U.S. District Court for the Northern District of California.

| | | supplemental infringement disclosure |
|---|---|---|
| Claim Construction Hearing | June 2, 2014 | October 2014 (estimated) |
| Close of fact discovery | August 18, 2014 | February 16, 2015 |
| Exchange opening expert reports prepared by the party which has the burden of proof in connection with the issue for which expert testimony is offered. | September 15, 2014 | March 9, 2015[3] |
| Exchange rebuttal expert reports or reports by a party not having the initial burden of proof. | October 13, 2014 | April 6, 2015 |
| Close of expert discovery | October 27, 2014 | April 20, 2015 |
| Last day to file dispositive motions | November 17, 2014 | TBD (May 20, 2015) |
| Deadline to participate in ADR. | November 24, 2014 | TBD (May 27, 2015) |
| Submission of Fed. R. Civ. P. 26(a)(3) witness lists, designations of depositions and exhibit lists. | December 22, 2014 | TBD (June 27, 2015) |
| Last day to file objections under Fed. R. Civ. P. 26(a)(3) | January 5, 2015 | TBD (July 10, 2015) |
| Deadline to file motions in limine | January 12, 2015 | TBD (July 24, 2015) |
| Deadline to file any | January 26, 2015 | TBD (August 7, 2015) |

---

[3] Judge Marshall's Standing Order requires that the parties provide a "proposed discovery cut-off date." Accordingly, both parties have provided proposed dates for fact and expert discovery cutoffs. Given that the Court intends to set fact and expert discovery cutoffs, Activision believes that postponing the setting of dates for dipositive motions and pretrial events is inefficient and will unnecessarily protract the litigation. However, Worlds does not believe the Court should schedule any post-discovery cut-off dates now, but instead should wait until after the claim construction hearing to set further pretrial deadlines. In the event the Court does choose to set dates after the discovery cut-off, Worlds has provided proposed dates.

| opposition to motions in limine | | |
|---|---|---|
| Final Pretrial Conference | February 9, 2015 | TBD (September 15, 2015) |
| Date trial begins and estimated trial length | February 23, 2015 | TBD (September 29, 2015) (one week) |

## III.   MATTERS TO BE ADDRESSED PURSUANT TO RULE 26(F)

### A.   Rule 26(a) disclosures

Under Rule 26(a)(1)(C), the Parties must make their exchange of Rule 26(a) disclosures by February 18, 2014.

### B.   Subjects for Discovery

In this case, Activision will seek discovery on at least the following facts:

1.   Facts relating to Defendants' accused products;

2.   Facts relating to all claims for relief asserted by Defendants;

3.   Facts relating to the claim of damage and the amount of damages suffered by Plaintiff;

4.   Facts relating to any other entitlement by Plaintiffs to relief or costs in this case;

5.   Facts relating to all of Defendants' defenses and the availability of such defenses to Defendants;

6.   Facts relating to all of Defendants' counterclaims.

In this case, Worlds will seek discovery on at least the following facts:

1.   Facts relating to Plaintiff's asserted patents;

2.   Facts relating to all claims for relief asserted by Plaintiff;

3.   Facts relating to the claim of damages demanded by Plaintiff;

4.   Facts relating to Defendants' counterclaims.

5.   Facts relating to any other entitlement by Defendant to relief or costs in this case;

6.      Facts relating to the validity of Plaintiff's asserted patents; and

7.      Facts relating to Plaintiff's acquisition of the asserted patents.

**C.      Electronically Stored Information**

The parties agree to take reasonable, good-faith steps to preserve potentially relevant electronically stored information, as required under the Federal Rules of Civil Procedure.

**D.      Protective Order**

The parties agree to negotiate a stipulated protective order regarding protection of all documents and things produced during this action, including protection of computer source code.  Activision will provide a proposed protective order for Worlds' consideration prior to the February 11, 2014 status conference.

**E.      Proposed Modification of Discovery Rules**

Except as provided herein, the parties agree that the discovery limits of the Federal Rules of Civil Procedure be observed with respect to all discovery.

**F.      Other Matters**

The Parties consent to service by e-mail pursuant to Fed. Rule of Civ. P. 5(b)(2)(E).

**IV.      ADDITIONAL MATTERS TO BE ADDRESSED PURSUANT TO LOCAL RULES AND JUDGE MARSHALL'S STANDING ORDER**

**A.      Complex Case**

The parties do not believe this is a complex case or that the procedures of the Manual For Complex Litigation should be utilized.

**B.      Settlement and Settlement Mechanism**

The parties agree to mediation under ADR No. 2.

**C.      Basis for the Court's Subject Matter Jurisdiction**

Because this is a lawsuit for patent infringement, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § § 1331 and 1338(a).

**D.     Key Legal Issues**

At this stage in the litigation, the parties anticipate that key legal issues are likely to be the construction of the claims of the asserted patents, whether Worlds has infringed the claims of the asserted patents, whether the asserted patents are invalid for failure to comply with the requirements of Title 35, United States Code, including without limitation Sections 101, 102, 103, and/or 112, and damages issues.

**E.     Range of Probable Damages**

Activision believes that it will be entitled to at least a reasonable royalty for the use made of the patented inventions by Worlds, together with interest and costs. Activision does not yet have any information related to Worlds' revenues for the accused products by which to estimate the range of probably damages.

Worlds does not believe that Activision is entitled to any damages.

**E.     Name of Attorneys who Will Try the Case**

Activision anticipates that Roderick Dorman, Marc Morris and Omer Salik will try this case on behalf of Activision.

Worlds anticipates that Max Tribble, Kalpana Srinivasan, Chanler Langham, and Ryan Caughey will try this case on behalf of Worlds.

Respectfully Submitted,

Dated:  February 4, 2014          By:   /s/ Omer Salik

Attorneys for Plaintiff
Activision Publishing, Inc.

Dated:  February 4, 2014          By:  */s/ Kalpana Srinivasan*

KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

MAX L. TRIBBLE (*Pro Hac Vice*)
mtribble@susmangodfrey.com
Ryan Caughey (*Pro Hac Vice*)
rcaughey@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666

Attorneys for Defendants
Worlds, Inc. and Worlds Online, Inc.