UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., | Case No. CV-13-7380 CBM (PLAx) |
| Plaintiff, | Hon. Consuelo B. Marshall |
| v. | **STIPULATED PROTECTIVE ORDER** |
| WORLDS INC. and WORLDS ONLINE INC., | |
| Defendants. | |
| WORLDS INC. and WORLDS ONLINE INC. | |
| Counter Claimants, | |
| v. | |
| ACTIVISION PUBLISHING, INC., | |
| Counter Defendants | |

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Activision Publishing, Inc. ("Activision"), and Defendants, Worlds, Inc. and Worlds Online, Inc. (collectively "Worlds"), (collectively, the "parties"), by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order.

**<u>Good Cause Statement</u>**

1.1     Disclosure and discovery activity in this action are likely to involve production of trade secrets or other confidential research, development, commercial, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted.  Accordingly, the parties hereby stipulate to and request that the Court enter the following First Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

1.2     The parties believe that good cause exists for the entry of this Order because Protected Material (as defined below) constitutes trade-secret or other confidential or proprietary information, the disclosure of which is likely to have the effect of harming the competitive position of the Designating Party (as defined below) or violating an obligation of confidentiality owed to a third party.

1.3     Protected Material designated under the terms of this Order shall be used by a Receiving Party (as defined below) solely for this litigation and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

1.4     The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery.  Designations of confidentiality shall be made with care and shall not be made absent a good faith belief that the Protected Material satisfies the criteria set forth below for each category.

**I.       SCOPE OF PROTECTION**

A.       This Order shall govern any record of information, designated pursuant to ¶ 3 of this Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery.

B.       This Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or United States District Court for the District of Massachusetts Local Rule or judge's individual practice or order, and any supplementary disclosures thereto.

**2.      Definitions**

"Confidential" information, as used herein, means any type or classification of information, so designated, that is nonpublic, proprietary, commercially or otherwise sensitive, or that falls within the term "trade secret" containing or reflecting financial information, contractual terms, or the design and operation of products such as financial statements and records, design specifications, computer code, etc.

"Producing Party" shall mean a party or non-party, on behalf of which documents, things or information are produced, furnished, or disclosed, during the course of this Action, in response to requests for production of documents, interrogatories, requests for admissions, depositions or any other request for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence or other form of information produced, furnished or disclosed by or on behalf of such a party or non-party.

"Designating Party" shall mean a Producing Party that designates Confidential information according to the provisions of this Protective Order.

"Receiving party" shall mean any party to which documents, things or information are produced, furnished, or disclosed, whether voluntarily or in response to formal or informal discovery requests, subpoena, deposition notice, or court order, by any Producing Party in this Action.

**3.    Designations**

A.    Any Producing Party may designate as CONFIDENTIAL - OUTSIDE COUNSEL ONLY any information furnished to a Receiving Party during discovery that is believed to contain Confidential information.

B.    A designation of any information as CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE shall only be made if the Designating Party has a reasonable, good-faith belief that (a) such information contains Confidential information as defined herein, and (b) disclosure of such information without restriction would be detrimental to that party in the conduct of its business and cause cognizable harm.

C.    Any Producing Party may designate any item as CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE by placing or affixing to such item, in a manner that will not interfere with the legibility thereof, a notice identifying the item as CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE.

**4.    Computer Source Code**

A.    Some Confidential materials may include computer source code ("Source Code"). The Producing Party may designate those Confidential materials that contain computer source code as HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE.  All computer source code that is produced and designated HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE in this action shall be subject to the disclosure and dissemination restrictions applicable to documents or information marked CONFIDENTIAL - OUTSIDE COUNSEL ONLY or other

similar designation, and shall be further be subject to the following protections:

B.     Information designated as HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE, to the extent in electronic format, will be provided on two standalone computers (i.e., the computer system and/or secure video game console may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet) ("Standalone Computers").  The Standalone Computers shall be maintained in the sole control and custody of the Producing Party, counsel of record for the Producing Party or an agent of such counsel and, at the election of the Producing Party, shall be made available to a requesting party at an office of the Producing Party or counsel of record for the Producing Party.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Standalone Computers in order to access the produced Source Code Material on the Standalone Computers.  The Producing Party will produce Source Code in computer searchable format on the Standalone Computers as described above.  Computer searchable format means electronic files containing native text not produced through any process involving optical character recognition.  Each Standalone Computer shall be provided with software allowing for efficient searching and review of the Source Code.  In addition to software provided by the Producing Party, the Receiving Party may request installation of additional review software on the Standalone Computers, provided that at least five business days advanced notice of the request is provided to the Producing Party, and the Producing Party's consent shall not be unreasonably withheld so long as the Receiving Party provides a valid license to the software requested.  The Producing Party shall have the right to object to software applications that are deemed unsecure by the Producing Party.

a.     The Producing Party shall allow access to the Standalone Computers containing its computer source code for as long as reasonably practicable, no less than regular business hours, upon notice by the Receiving

Party, two days before the day upon which access is desired.  The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Standalone Computers to normal business hours, which for purposes of this Paragraph shall be 8:00 a.m. through 6:00 p.m.

b.      Access to the Standalone Computers shall be contingent upon the provision of proper identification of all persons qualified to have access under Section 6(b) ("Qualified Persons").  Proper identification is defined as a photo identification card issued by the government of a U.S. state, by the United States federal government, or by the nation state of the Qualified Person's current citizenship.  Except as provided in ¶ 4.2(d), outside electronic devices shall not be permitted in the room with the Standalone Computers.  The Producing Party will provide a secure, protected area for storage of any belongings of a Qualified Person who will be reviewing source code on the Standalone Computers.

c.      Except as specified herein, the Receiving Party shall not copy, transmit or duplicate HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE materials in any manner, including scanning or otherwise creating an electronic image of the HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE materials.  The Producing Party shall provide a printer with a supply of pre-Bates numbered, watermarked paper marked HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE attached to the Standalone Computers.  Under no circumstances are original printouts of the Source Code to be made except for directly onto the watermarked and numbered sides of the paper provided by the Producing Party.  The Receiving Party may use the printer to print specific lines of the HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused product ("Printouts").  The Receiving Party may not, however, remove the Printouts

- 5 -

from the room in which the Standalone Computer is located.  When Printouts are made, the Receiving Party shall notify the Producing Party and, within four business days of receiving such notice, the Producing Party shall provide a copy of the Printouts to the Receiving Party, subject to any objections by the Producing Party, as described more fully hereafter.  If the Producing Party objects to the relevance of any or all of the Printouts, the Producing Party shall make such objection known to the Receiving Party before the end of the four business day period.  If the Producing Party and the Receiving Party cannot resolve the objection the Parties may seek relief from the Court pursuant the Local Rule 37 and the Court's Scheduling Order.

d.     The Receiving Party shall be permitted to bring a laptop computer inside the Standalone Computer room, so long as all external data ports are rendered unusable, either by covering the ports with black silicone or by another method agreed upon by the parties, and any wireless network connectivity devices are disabled.  The Receiving Party is prohibited from bringing into the room with the Standalone Computers outside electronic devices that may be used to electronically copy information from a Standalone Computer, including but not limited to external floppy drives, zip drives, flash drives, Ethernet cables, USB cables, cellphones, personal data assistants, or other similar hardware.  If any individual inspecting the Producing Party's Source Code seeks to take notes on hardcopy paper, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks.  No loose paper or other paper that can be used in a printer may be brought into the secure room.  The Producing Party will provide a secure, protected area for storage of any belongings of a Qualified Person who will be reviewing source code on the Standalone Computers.

e.     All hard (non-electronic) copies of Source Code shall be clearly labeled HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE and

- 6 -

maintained in a secured locked area in the custody and control of (i) the Producing Party's outside counsel of record, (ii) the Receiving Party's outside counsel of record, or (iii) the Receiving Party's experts and technical advisors who are authorized hereunder to view HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE.

f.     The Receiving Party's outside counsel of record and authorized experts shall maintain and store the source code at their respective offices in a manner that prevents unauthorized access to the source code.

C.     Nothing in this Protective Order shall obligate the parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

**5.     Limit on Use and Disclosure of Designated Information**

A.     Each party and all persons bound by the terms of this Order shall only use any information or document designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE in connection with the prosecution or defense of this action, and not for any other purpose, including, but not limited to, use in any business or commercial enterprise, except as permitted by this Order or by prior written agreement with counsel for the Producing Party.  Except as provided for in this Order, no party or other person shall disclose or release any information or document governed by this Order to any person not authorized pursuant to this Order to receive such information or document.

B.     It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE information received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, except as permitted by this Order or by prior written agreement with counsel for the Producing Party.

- 7 -

C.     The attorneys of record for the parties and other persons receiving information governed by this Order shall exercise reasonable care to ensure that the information and documents governed by this Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

**6.     Disclosure of Information Designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE**

A.     Except as provided in ¶¶ 16, 17, and 18, documents or information designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall be disclosed by the recipient thereof only on a need-to-know basis to:

a.     counsel of record for the parties, and other lawyers in outside counsel's firms and their authorized secretarial, clerical and legal assistant staff who are actively engaged in assisting such counsel with the prosecution or defense of this action;

b.     the Court and Court personnel;

c.     consultants or experts and their staff, retained by the parties or their attorneys solely for purposes of this action, who first agree to be bound by the terms of this Order by executing a Confidentiality Undertaking in accordance with ¶¶ 7-8;

d.     court reporters, videographers, and their respective staffs employed in connection with this action;

e.     persons who appear on the face of the information designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY as an author, addressee, or recipient thereof or employees of the producing party who are authorized to access the information;

f.     non-technical outside consultants, including jury consultants and mock jurors, who are not existing employees or affiliates of a Party, an  affiliate of a Party or a competitor of a Party, retained for the purpose of this litigation,

provided that they first agree to be bound by the terms of this Order by executing a Confidentiality Undertaking in the form attached hereto as Exhibit C; and

g.      any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, provided that they first agree to be bound by the terms of this Order by executing a Confidentiality Undertaking in the form attached hereto as Exhibit C; and

h.      non-parties specifically retained to assist counsel of record with copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators, database entry personnel).

B.      Except as provided in ¶¶ 16, 17, and 18, documents or information designated HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE shall be disclosed by the recipient thereof only on a need-to-know basis to:

a.      outside counsel for the parties, including other lawyers in their firms and their authorized secretarial, clerical and legal assistant staff who are actively engaged in assisting such counsel with the prosecution or defense of this action;

b.      the Court and Court personnel;

c.      not more than three (3) consultants or experts, retained by the parties or their attorneys solely for purposes of this action, who first agree to be bound by the terms of this Order by executing a Confidentiality Undertaking in accordance with ¶¶ 7-8, except that any party may in good faith request another party's consent to designate one or more additional consultant or expert, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional consultant(s) or expert(s) if the requesting party believes the other party has unreasonably withheld such consent; and

- 9 -

d.      court reporters, videographers, and their respective staffs employed in connection with this action.

**7.      Identification of Experts or Consultants**

A.      If any party desires to disclose information designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE to any expert or consultant pursuant to ¶¶ 6(a)(iii) or 6(b)(iii) above, it must first provide written notice to the attorneys for the Producing Party identifying each such expert or consultant.  Attorneys for the Producing Party shall have five (5) business days from receipt of such notice to object to the disclosure of such information to any of the experts or consultants so identified. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all parties.  The Producing Party shall have the burden of proof by preponderance of the evidence on the issue of the sufficiency of the objections.  Any party that fails to object within five (5) business days of receiving such notice shall be deemed to have agreed upon disclosure to the expert or consultant but shall not be precluded from later objecting to continued access where facts suggesting a basis for objection could not have been earlier discovered by exercising due diligence within the period for making a timely objection.  No CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE information may be disclosed to any proposed expert or consultant until such time as the parties have agreed upon disclosure to the expert or consultant or until the Court rules on a timely motion made pursuant to ¶ 7(C) below.

B.      Written notice identifying a proposed expert or consultant under ¶ 7.1 above shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae or resume (including (1) their present employer and title, and (2) a list of any known present or former relationships or engagements between them and any party or known competitor of a

- 10 -

party), an executed Confidentiality Undertaking in the form attached hereto as Exhibit A, a list of any prior or current employments or consultancies during the previous five (5) years, a list of cases in which the expert or consultant has testified at deposition, hearing or trial within the last five (5) years and an indication of whether or not they are involved in preparing, prosecuting, supervising, or assisting in the preparation or prosecution (including interferences, reexaminations, inter partes review, and other proceedings) of any patent or patent application pertaining to the Patents-in-Suit, the field of technology or subject matter of the Patents-in-Suit, or any online or networked gaming technologies).  A proposed expert or consultant may only receive HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE after being expressly identified to the Producing Party as seeking access to HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE.

C.      The parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the party opposing disclosure of the CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE information to the proposed expert or consultant may move the Court for an Order prohibiting the disclosure pursuant to Civil Local Rule 37.

## 8.      Agreement of Confidentiality

In no event shall any information designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE be disclosed to any person authorized pursuant to ¶¶ 6(a)(iii), 6(a)(vi), 6(a)(vii), 6(b)(iii) and 7 until such person has executed a written Confidentiality Undertaking (in the form set forth in the exhibits attached hereto) acknowledging and agreeing to be bound by the terms of this Order.  Counsel for the party seeking to disclose material designated under this Order to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Confidentiality Undertakings.

- 11 -

**9.     Related Documents**

The restrictions contained herein on the use of information designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE shall apply to any and all (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d) deposition testimony designated in accordance with ¶ 10.

**10.     Designation of Deposition Transcripts**

A.     Any and all portions of deposition transcripts containing CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE information may be designated as such either on the record during the deposition or by providing, within thirty (30) days following receipt of the official transcripts of the deposition to the reporter and all counsel of record, written notice of the specific pages and lines that contain Confidential information.

B.     All deposition transcripts not previously designated shall be deemed to be and treated as CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE for a period of thirty (30) days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-Designating Party to persons other than those persons named or approved according to ¶¶ 6 or 7.  For purposes of this paragraph, a deposition transcript shall be deemed to be and treated as HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE if it contains or reflects the content of any Source Code.

C. The Designating Party shall have the right, before the taking of testimony which the Designating Party designates as CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE and subject to this Protective Order, to exclude from portions of a deposition all persons other than those persons previously qualified to receive such information pursuant to ¶¶ 6 or 7.

**11.    Designation of Hearing Testimony or Argument**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information designated as CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.

**12.    Designation of Documents Under Seal**

Any party wishing to make of record any CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE information shall contemporaneously file an application for leave to file under seal the filing containing the confidential material.  The application must show good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed.  The party filing any paper which reflects, contains or includes any information or document subject to this Order shall title such paper in a sealed envelope, or other appropriately sealed container, which includes the title of the action, the party filing the materials, the nature of the materials filed, and the legend CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER: TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT. Pending a ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

### 13. Prosecution Bar

Any person who obtains, receives, or otherwise learns information designated HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE, or other information expressly designated as being subject to the Prosecution Bar of this section, relating to a Producing Party's current or planned gaming products shall not prepare, prosecute, supervise, or assist in the preparation or prosecution (including interferences, reexaminations, inter partes review, and other proceedings) of any patent or patent application pertaining to the Patents-in-Suit or the field of technology of the Patents-in-Suit, including the United States Patent and Trademark Office.  This prohibition on patent prosecution shall begin when access to such HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE or other expressly designated information is first received by the affected individual, and shall end one (1) year after the conclusion of this Action, including all appeals.  This prosecution bar is personal to the person obtaining, receiving, or learning such CONFIDENTIAL ¬ OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE and shall not be imputed to any other person or entity.

### 14. Challenges to Confidentiality

A.   This Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.  Nor shall any party be precluded from: (a) claiming that any matter designated hereunder is not entitled to the protections of this Order; (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Order; or (c) applying for a further Protective Order modifying this Order in any respect.  No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

B.     On any challenge to the designation of any information, the burden of proof shall lie with the Producing Party to establish that the information is, in fact, CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE information.  If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party that designated the information, the procedure set forth under Local Rule 37 shall be utilized.

C.     Notwithstanding any objection to the designation of information as CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE, information so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (i) the party who designated the information changes or removes such designation in writing; or (ii) the Court orders the Producing Party to change or remove such designation.

**15.     Inadvertent Failure to Designate or Inadvertent Disclosure**

A.     A Producing Party or non-party that inadvertently fails to designate an item pursuant to this Order at the time of production may at any time prior to the final pretrial conference in this Action make a designation pursuant to this Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated.  Those individuals who reviewed the documents or information prior to the notice of mis-designation or failure to designate by the Producing Party shall return to counsel of record or destroy all copies of the mis-designated documents and shall honor, to the extent reasonably practicable, the provisions of this Order with respect to the use and disclosure of confidential information in the mis-designated documents.  Individuals who reviewed the documents or information prior to the notice of mis-designation or failure to designate shall only be subject to the prosecution bar provisions of Section 13 with respect to any review of such documents or information occurring after notice of

- 15 -

1  mis-designation or failure to designation is received.

2           B.     If information designated pursuant to this Order is disclosed to any

3  person other than in the manner authorized by this Order, through inadvertence or

4  otherwise, the party responsible for this disclosure must immediately bring all

5  pertinent facts relating to such improper disclosure to the attention of all interested

6  parties, without intentionally creating prejudice to other rights and remedies of the

7  disclosing party, and shall make every effort to obtain the return of the disclosed

8  material and prevent further improper disclosure.  The party responsible for this

9  disclosure shall further use its best efforts to bind the person or party to whom the

10  material was disclosed to the terms of this Protective Order and the person to whom

11  disclosure was made shall be requested to sign a Confidentiality Undertaking in the

12  form of Exhibit B hereto.  Nothing in this Paragraph shall affect the Producing Party's

13  remedies under this Protective Order or otherwise for such unauthorized disclosure.

14           C.     The production of any discovery material by any party, whether

15  inadvertent or not, shall be without prejudice to any subsequent claim by the

16  Producing Party that such discovery material is privileged or attorney-work product,

17  and shall not be deemed a waiver of any such privilege or protection in either the

18  litigation pending before the court, or any other federal or state proceeding.  In such

19  circumstances, the Producing Party must, as soon as practicable after the first time it

20  learns of the inadvertent disclosure, notify the Receiving Party of the inadvertent

21  production, and request the return or confirmed destruction of the privileged

22  materials.  If a party receives such a notification, such party shall not use or disclose,

23  and immediately cease any prior use of, such materials and within five (5) business

24  days of receiving such notification, the Receiving Party shall return or confirm

25  destruction of all such materials, including any summaries thereof.  Such return or

26  confirmation of destruction shall not preclude the receiving party from seeking to

27  compel production of the materials for reasons other than its inadvertent production.

28  The party or parties returning or destroying inadvertently produced material shall not

- 16 -

assert as a ground for entering an order compelling production of the material the fact or circumstances of the inadvertent or unintentional production.

In the event that a Receiving Party discovers a potential inadvertent production of material potentially subject to a claim of privilege or other protection, that Receiving Party shall promptly notify the Producing Party in writing of same.  No use shall be made of such documents by the Receiving Party unless the Producing Party confirms that such material is not subject to a claim of privilege or other protection or the Receiving Party successfully challenges the claims of privilege on grounds other than the inadvertent disclosure.  If the parties are unable to agree as to the application of any claim of privilege or immunity, either party may petition the Court for resolution in compliance with Local Rule 37.

D.     Nothing in this Order shall preclude either party from petitioning the Court for return of later-discovered, inadvertently produced work-product immunity, attorney-client privilege, common interest/joint defense privilege, or other privileged documents.

**16.     Disclosure to Author or Recipient**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing a document containing CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE information to any person who appears from the face of the document to have drafted, prepared, executed, or received the document.

**17.     Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as CONFIDENTIAL - OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than

- 17 -

1  three (3) business days after receiving the subpoena or order.  Such notification must
2  include a copy of the subpoena or court order.

3      The Receiving Party also must immediately inform in writing the party who
4  caused the subpoena or order to issue in the other litigation that some or all the
5  material covered by the subpoena or order is the subject of this Order.  In addition, the
6  Receiving Party must deliver a copy of this Order promptly to the party in the other
7  action that caused the subpoena or order to issue.

8      The purpose of imposing these duties is to alert the interested parties to the
9  existence of this Order and to afford the Designating Party in this case an opportunity
10  to try to protect its confidentiality interests in the court from which the subpoena or
11  order issued.  The Designating Party shall bear the burdens and the expenses of
12  seeking protection in that court of its confidential material—and nothing in these
13  provisions should be construed as authorizing or encouraging a Receiving Party in
14  this action to disobey a lawful directive from another court.

15      **18.    Confidentiality of a Party's Own Documents**

16      Nothing herein shall affect the right of the Designating Party to disclose to its
17  officers, directors, employees, attorneys, consultants or experts, or to any other
18  person, its own information.  Such disclosure shall not waive the protections of this
19  Order and shall not entitle other parties or their attorneys to disclose such information
20  in violation of it, unless by such disclosure of the Designating Party the information
21  becomes public knowledge.

22      **19.    Prior or Public Knowledge**

23      The restrictions contained in this Order shall not apply to information that is or
24  was available to the public prior to disclosure or that is or was legitimately and
25  independently acquired from a source not subject to this Order.

26      **20.    Destruction or Return of Designated Information**

27      A.    Within sixty (60) days following final termination of this action,
28  unless otherwise agreed to in writing by an attorney of record for the Designating

- 18 -

1   Party, each party shall destroy and certify destruction of, or assemble and return, all
2   materials containing information designated as CONFIDENTIAL - OUTSIDE
3   COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE
4   CODE, including all copies, extracts and summaries thereof, to the party from whom
5   the designated material was obtained.

6          B.     Notwithstanding Paragraph 20(a), outside counsel of record in this
7   case for each party may retain a record including one copy of the following,
8   irrespective of whether or not information designated as CONFIDENTIAL -
9   OUTSIDE COUNSEL ONLY of another party or non-party is included: (i) its
10  correspondence file of this case; (ii) its pleadings file, including all briefs,
11  memoranda, affidavits, supporting materials, and all papers served on the party; (iii)
12  any briefs and appendix on appeal; (iv) all legal research memoranda; (v) its file of
13  deposition transcripts and accompanying exhibits; and (vi) its file of hearing and trial
14  transcripts and accompanying exhibits.  In the instance of information designated as
15  HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE, the foregoing
16  exception to Paragraph 20(a) shall not apply and no partial or complete Source Code,
17  and no notes or summaries regarding Source Code, shall be retained under any
18  circumstances absent written consent from the Producing Party.

19  **21.    Privilege Logs**

20          Pursuant to Fed. R. Civ. P. 26(b)(5)(A), any party that withholds documents or
21  ESI based upon work-product immunity, attorney-client privilege, common
22  interest/joint defense privilege, or any other privilege shall identify such documents
23  and/or ESI in a privilege log.  This provision does not apply to documents or ESI
24  generated after the filing of the Complaint.

25  **22.    Expert Materials**

26          Draft reports, notes, outlines, and any other writings leading up to an issued
27  report by a testifying expert are exempt from discovery.  Also, all communications to
28  and from a testifying expert, and all materials generated by a testifying expert with

respect to his or her work, are exempt from discovery, except insofar as the expert relies upon them in forming any opinion.

### 23.    Time of Effectiveness

The parties agree to treat this Order as entered by the Court as of the date it becomes fully executed by the parties.  In the event that the fully executed Order should be rejected by the Court, or that the Court should require any changes in the executed Order, the parties agree to treat any properly marked material or information produced in the interim as CONFIDENTIAL ¬ OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE materials according to the dictates of this Order as originally executed. This Order is effective until the commencement of trial.  The Parties may file an application with the Court to extend the protections set forth in this Order beyond the commencement of trial.

### 24.    Waiver or Termination of Order

No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for each Designating Party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

### 25.    Modification of Order; Prior Agreements

This Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.  This Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Order.

### 26.    Availability to Non-Parties

It is expressly contemplated that the protections of this Protective Order apply to non-parties.

## <u>ORDER</u>

GOOD CAUSE APPEARING, the Court hereby approves this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated:  April 25, 2014

_____
Paul L. Abrams
United States Magistrate Judge

**EXHIBIT A**
Qualified Consultant
or Qualified Expert

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ACTIVISION PUBLISHING, INC.,    )
    )
             Plaintiff,    )   Case No. CV 13-07380 CBM (PLAx)
    )
v.    )
    )
WORLDS, INC. and WORLDS    )
ONLINE, INC.,    )
    )
             Defendants.    )

AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

    1.    My address is _____

_____.

    2.    My present employer is _____,

and the address of my present employment is _____

_____

_____.

    3.    My present occupation or job description is _____,

_____

_____.

    4.    I have attached hereto my current curriculum vitae and, to the best of my

knowledge, a complete list of any present or former relationships or engagements

between myself and any party to the above-captioned action (the "Action") or any

known competitor thereof.

-1-

5.      I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

6.      I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as CONFIDENTIAL ¬ OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE (collectively, "DESIGNATED INFORMATION") in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any DESIGNATED INFORMATION or any notes containing DESIGNATED INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any DESIGNATED INFORMATION for any purpose other than directly associated with my duties in this litigation.

7.      I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting DESIGNATED INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER.  I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.  I understand that material designated as or reflecting HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE is subject to the additional restrictions listed in the PROTECTIVE ORDER and that I am familiar with and agree to abide by those restrictions.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any

-2-

CONFIDENTIAL ¬ OUTSIDE COUNSEL ONLY to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.  I also agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) that they may not access HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE pursuant to the terms of the PROTECTIVE ORDER.

8.     I understand that I shall be subject to the jurisdiction of the U.S. District Court for the District of Massachusetts in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.  I further recognize that, if I violate the PROTECTIVE ORDER in any manner, I may be subject to such sanctions as the Court on motion and after a hearing deems just.


Signature:   _____

Date:          _____

1
2

**EXHIBIT B**
Unauthorized Disclosure

3
4
5

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

6
7
8
9
10
11
12

ACTIVISION PUBLISHING, INC.,            )
                                        )
                    Plaintiff,          )    Case No. CV 13-07380 CBM (PLAx)
                                        )
v.                                      )
                                        )
WORLDS, INC. and WORLDS                 )
ONLINE, INC.,                           )
                                        )
                    Defendants.         )

13
14

AGREEMENT TO ABIDE BY PROTECTIVE ORDER

15

I, _____, being duly sworn, state that:

16

1.     My address is _____

17

_____.

18

2.     My present employer is _____,

19

and the address of my present employment is _____

20

_____

21

_____.

22

3.     My present occupation or job description is _____,

23

_____

24

_____.

25

4.     I hereby acknowledge that I have read the "Stipulated Protective Order"

26

("PROTECTIVE ORDER") in the above-captioned action (the "Action"), that I am

27

familiar with the terms thereof, and that I agree to be bound by the terms thereof.

28

5.     I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I

-1-

received information designated as CONFIDENTIAL  OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED – CONFIDENTIAL SOURCE CODE (collectively, "DESIGNATED INFORMATION") in this Action, and certify my understanding that such information is subject to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any DESIGNATED INFORMATION or any notes containing DESIGNATED INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any DESIGNATED INFORMATION for any purpose.

      6.     I understand that all copies of any such materials are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.

      7.     I understand that I shall be subject to the jurisdiction of the U.S. District Court for the District of Massachusetts in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature: _____

Date: _____

EXHIBIT B - [PROPOSED] STIPULATED PROTECTIVE ORDER

**EXHIBIT C**
Qualified Consultant
or Qualified Expert

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ACTIVISION PUBLISHING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 13-07380 CBM (PLAx) |
| | ) | |
| v. | ) | |
| | ) | |
| WORLDS, INC. and WORLDS | ) | |
| ONLINE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1.  My address is _____

_____.

2.  My present employer is _____,

and the address of my present employment is _____

_____

_____.

3.  My present occupation or job description is _____,

_____

_____.

4.  I hereby acknowledge that I have read the "Stipulated Protective Order" ("PROTECTIVE ORDER") in the above-captioned action (the "Action"), that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

5.  I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I

may receive information designated as CONFIDENTIAL - OUTSIDE COUNSEL ONLY in this Action, and certify my understanding that such information is subject to the terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any CONFIDENTIAL  OUTSIDE COUNSEL ONLY or any notes containing CONFIDENTIAL  OUTSIDE COUNSEL ONLY to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any CONFIDENTIAL  OUTSIDE COUNSEL ONLY for any purpose other than directly associated with my duties in this Action.

6.     No later than the final conclusion of this Action, I will return all material designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY, and summaries, abstracts, and indices thereof which come into my possession, and documents and things which I have prepared relating thereto, to counsel for whom I was employed or retained or from whom I received information designated as CONFIDENTIAL – OUTSIDE COUNSEL ONLY.

7.     I understand that I shall be subject to the jurisdiction of the U.S. District Court for the District of Massachusetts in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.


Signature: _____

Date: _____

EXHIBIT C - [PROPOSED] STIPULATED PROTECTIVE ORDER